Samuel Jacobs, J.
Plaintiff seeks to recover the sum of $729.91 for goods sold and delivered. It is defendant’s contention that the merchandise for which recovery is sought was sold and delivered to Airport Inn, Inc., a corporation in which defendant was principal stockholder, and was not delivered to him personally.
There is undisputed evidence that plaintiff had done business with the defendant at another location prior to the transaction herein involved for a period of 15 years.
All dealings with the defendant were through agents of the plaintiff corporation. It is apparent that agreements made for the sale of merchandise were intended by plaintiff to be made with the defendant with whom the plaintiff had prior dealings.
The court is convinced that no agreement was made nor intended to be made with defendant’s corporation. It was a new entity of which plaintiff had no knowledge; nor does the fact that some bills were paid with checks of the corporation Airport Inn, Inc., change the fact that plaintiff was to deal with defendant personally. “ [E]very one has a right to select and determine with whom he will contract, and cannot have another person thrust upon him without his consent ” (Arkansas Val. Smelting Co. v. Belden Co., 127 U. S. 379, 387).
*371 Plaintiff acted in good faith in the delivery of the merchandise and is entitled to compensation, and in the opinion of this court such compensation is defendant’s responsibility.
Judgment is therefore granted to the plaintiff in the sum of $729.91, with costs.